IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> ANYDATA CORPORATION, <br><br> Defendant. | C.A. No. 19-1140-MN |

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiffs' Renewed Motion for Entry of Default Judgment. (D.I. 20.) I recommend that Plaintiffs' motion be GRANTED-IN-PART and DENIED-IN-PART.

**I.     BACKGROUND**

On June 20, 2019, Plaintiffs Sisvel International S.A. and 3G Licensing S.A. filed this action alleging infringement of five patents.[1]  (*See* D.I. 1.)  Plaintiffs then filed an Amended Complaint alleging infringement of seven additional patents.[2]  (*See* D.I. 7.)  The asserted patents "relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 2G, 3G, and 4G/LTE."  (*Id.* ¶ 13.)  Plaintiffs contend that their patents are standard essential.  (D.I. 21 at 4.)

The Amended Complaint alleges that Defendant AnyData Corporation "makes, uses, sells and offers for sale, provides, and causes to be used," several "Accused Instrumentalities" including "the Pocket WiFi LTE GL02P Emobile 4G Hotspot, the ACT233 4G Vehicle Tracker with Hotspot

---

[1] U.S. Patent Nos. 6,529,561, 7,433,698, 8,364,196, 7,751,803, and 7,894,443.

[2] U.S. Patent Nos. 7,274,933, 7,460,868, 7,596,375, 8,275,374, 8,472,955, and 8,948,756 8,879,503.

and the DTP-600W and DTW500D 3G modules." (*Id.* ¶ 9.) According to the Amended Complaint, Defendant has directly and indirectly infringed various claims of each asserted patent by, among other things, making, selling, and marketing the Accused Instrumentalities. (*Id.*)

The record reflects that Plaintiffs served Defendant with the original Complaint and the Amended Complaint. (D.I. 4, 10.) Defendant has never appeared.

On December 2, 2019, after several months went by with no activity on the docket, the Court issued an Order to Show Cause requiring Plaintiffs to explain why the action should not be dismissed for failure to prosecute. (D.I. 11.) Plaintiffs filed a Request for Entry of Default as to Defendant AnyData Corporation on December 10, 2019 and responded to the Order to Show Cause on December 16, 2019. (D.I. 12, 13.) In their response to the Order to Show Cause, Plaintiffs indicated that they had been in touch with Defendant regarding the suit and a potential resolution; however, Defendant eventually "ceased all communications with Plaintiffs." (D.I. 13 at 1.) The Clerk of Court entered Default against Defendant on January 9, 2020. (D.I. 14.)

On January 30, 2020, Plaintiffs moved for entry of a default judgment against Defendant and the Court referred that motion to me. (D.I. 15, 17.) After a telephonic hearing before me (at which Defendant did not appear), Plaintiffs withdrew their motion on April 20, 2020. (D.I. 19.)

Eleven months later, on March 23, 2021, Plaintiffs filed the pending Renewed Motion for Default Judgment as to AnyData Corporation. (D.I. 20.) The Court again referred the renewed motion to me. (D.I. 23.) I requested that Plaintiffs submit additional information supporting their damages claim. (D.I. 24.) I also directed Plaintiffs to serve Defendant's registered agent with copies of the filings relating to Plaintiffs' renewed motion for default. (*Id.*) I held a telephonic hearing on August 31, 2021; Defendant did not appear.

## II.     LEGAL STANDARD

Entry of default judgment is a two-step process. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action. Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). After default has been entered, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court. Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. DISCUSSION

### A. Patent Infringement

The relevant factors weigh in favor of entering default judgment on Plaintiffs' patent infringement claims. First, the allegations in the Amended Complaint establish that Defendant infringed the asserted patents. Although the factual allegations might charitably be described as sparse, the Amended Complaint nonetheless alleges that Defendant sold and marketed the Accused Instrumentalities in the United States for approximately six years and, by doing so, infringed the twelve asserted patents. *See also Genedics*, 2019 WL 3802650, at *3 ("[I]n a patent infringement case like this one, the Court here must presume that Defendant has infringed Plaintiff's patents as was alleged in Plaintiff's Complaint."); *Tristrata Tech., Inc. v. Cardinal Health, Inc.*, No. 02-1290, 2004 WL 2223071, at *1 (D. Del. Sept. 30, 2004). Plaintiffs will suffer prejudice if their application for default judgment is denied because they will otherwise be unable to recover damages for the infringement.

Second, Defendant has failed to appear to answer the allegations in the complaint or otherwise litigate this case. Third, Defendant was served with the pleadings and the pending motion, and it has been given ample opportunity to appear.

For those reasons, I conclude that default judgment is appropriate.

### B. Remedy

Finding that default judgment is appropriate, I next turn to the remedy. Plaintiffs request damages based on a reasonable royalty and request enhanced damages under 35 U.S.C. § 284.

Plaintiffs request $1,030,000.00 in royalties for the six years prior to the filing of the Complaint. (D.I. 21 at 4.) This amount is based on a simple calculation: (units sold over the six-year period) × (royalty rate). (*Id.*) Plaintiffs contend that their standard license rate for the pool

of asserted patents is $1.03 per unit. (D.I. 21 at 4.) Plaintiffs also submitted evidence suggesting that Defendant sold approximately 1,000,000 infringing units in the relevant time period.[3] (*See* D.I. 21, 22, 25.) I find that there is a reasonable basis for Plaintiffs' calculation of the number of infringing units, and I conclude that Plaintiffs' request for $1,030,000.00 in royalties is likewise reasonable.

Plaintiffs also request that the Court enhance the damages award under 35 U.S.C. § 284. Unlike the record in support of reasonable royalty damages, the evidence supporting Plaintiffs' request for enhanced damages is minimal. After careful consideration, I recommend that the Court exercise its discretion to not award enhanced damages.

Section 284 provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Supreme Court has directed that enhanced damages "are not to be meted out in a typical infringement case, but are instead designed as a sanction for egregious infringement behavior" described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016); *see also SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1308 (Fed. Cir. 2019), *cert. denied,* 140 S. Ct. 1108 (2020). That said, the court has

---

[3] Plaintiffs' estimate of the number of infringing units sold is based on publicly available information regarding various devices that Plaintiffs believe infringe. Although some of those devices are not expressly referenced in the pleadings, Plaintiffs contend that they are 3G and 4G devices, and the asserted patents are alleged to be 3G and 4G standard essential. (D.I. 21 at 4; D.I. 7 ¶ 13.)
 I note that Plaintiffs have not had the benefit of discovery. Based on public filings, statements on Defendant's website (now offline), and other public sources, Plaintiffs estimate that Defendant sold 1,000,000 infringing units in the six years prior to this action. (*See, e.g.,* D.I. 21 at 4 (discussing sales of Defendant's products) (citing Franklin Wireless Corp., Quarterly Report (Form 10-Q) at 18 (Nov. 14, 2019)); D.I. 22, Ex. 1 (Defendant's website claiming hundreds of thousands of its Greatcall Splash products in the field); D.I. 25, Ex. A (article discussing the use of at least one accused product in a version of the Kindle e-reader).)

discretion to decline to award enhance damages even in cases where willful infringement is found. *Halo Elecs.*, 136 S. Ct. at 1933; *Idenix Pharm. LLC v. Gilead Scis., Inc.*, 271 F. Supp. 3d 694, 698 (D. Del. 2017). Thus, even where infringement is willful, the court must still "take into account the particular circumstances" and determine whether enhanced damages are warranted. *Halo Elecs.*, 136 S. Ct. at 1933; *see also Idenix Pharm.*, 271 F. Supp. 3d at 697.

Here, the Amended Complaint does not address willful infringement or request enhanced damages. (*See, e.g.*, D.I. 7 at 24.) Plaintiffs nevertheless contend that they sent letters to Defendant in 2015 and 2016 putting it on notice of Plaintiffs' patents, after which Defendant continued to infringe.[4] (D.I. 21 at 4; D.I. 22, Exs 2, 3, 4.) After carefully reviewing the entirety of the record before me, I cannot conclude that Defendant's actions went beyond what this Court encounters in a typical infringement case.

In the absence of sufficient allegations or evidence suggesting egregious conduct undertaken with specific intent, I find that this case does not warrant enhanced damages. As the Federal Circuit has explained, "it is the circumstances that transform simple 'intentional or knowing' infringement into egregious, sanctionable behavior, and that makes all the difference." *SRI Int'l*, 930 F.3d at 1308 (quoting *Halo Elecs.*, 136 S. Ct. at 1936 (Breyer, J., concurring)). The circumstances in the record before me demonstrate "a typical infringement case," not "egregious infringement behavior." *See Halo Elecs.*, 136 S. Ct. at 1932; *see also LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. 17-5824, 2019 WL 6655258, at *7 (C.D. Cal. Oct. 2, 2019) (declining to award enhanced damages on a motion for default judgment, notwithstanding the plaintiff's allegation that it sent the defendant notice of infringement prior to filing the complaint and that the

---

[4] Those letters do not clearly identify the asserted patents. (*See* D.I. 22, Exs. 2, 3, 4.) Although the letters refer to attachments, those attachments were not provided to the Court.

defendant continued to infringe during the pendency of the case); *Arnold v. Scales*, No. 15-45, 2016 WL 6155173, at *1 (M.D. Ga. Feb. 5, 2016) (finding that the defendant acted willfully but declining to award enhanced damages in a default judgment). *But see Tech. LED Intellectual Prop., LLC v. Aeon Labs LLC*, No. 18-1847, 2020 WL 1528446, at *2-3 (N.D. Cal. Mar. 31, 2020) (awarding double damages on a default judgment only for post-complaint infringement). Accordingly, I recommend that the Court decline to award enhanced damages.[5]

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiffs' Renewed Motion for Default Judgment be GRANTED-IN-PART and DENIED-IN-PART. Accordingly, I recommend that the Court enter an Order of Default Judgment in favor of Plaintiffs and against Defendant:

1. finding that Defendant is liable for infringing Plaintiffs' asserted patents;
2. awarding Plaintiffs compensatory damages in the amount of $1,030,000.00 based on a reasonable royalty under 35 U.S.C. § 284; and,
3. declining to award enhanced damages under 35 U.S.C. § 284.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

---

[5] Plaintiffs' motion and proposed order do not address pre-judgment interest, post-judgment interest, or costs. (*See* D.I. 21 at 3-5; D.I. 20, Ex. 1 (Proposed Default Judgment Against AnyData Corporation).) Accordingly, this Report and Recommendation does not address them.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: October 27, 2021

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE